IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-02718-CMA-KLM

LOREN MATSON,

    Plaintiff,

v.

CADDYTEK, also known as Caddytek Inc., and
COSTCO, also known as Costco Wholesale Corporation,

    Defendants.

_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Extension of Time for Service and Request for Substituted Service on Defendant Caddytek** [#18][1] (the "Motion"). Plaintiff seeks leave to serve Defendant Caddytek through substituted service on Ms. Rita Hsia ("Hsia") or, alternatively, through Defendant Caddytek's corporate email address. *Motion* [#18] at 4. Based on the following, the Motion [#18] is **DENIED without prejudice**.

## I. Background

Plaintiff initiated this action in the District Court for the County of Arapahoe, Colorado, on July 9, 2021. *Compl.* [#5] at 1. In the Complaint [#5], Plaintiff brings four claims against Defendants. *Id.* at 4-8. All claims lie under various theories of products

---

[1] [#18] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

liability in connection with a latch mechanism on a Caddytek EZ Fold 3-Wheel Golf Push Cart, which Plaintiff avers severely injured his left thumb. *Id.* at 1.

Plaintiff asserts that he attempted personal service on Defendant Caddytek's registered agent Jungchuan Leo Chang ("Chang") once prior to September 7, 2021, at his purported address in Monterey Park, California. *Motion* [#18] at 2. Plaintiff asserts that on September 7, 2021, after a second failed attempt at service, process server Dezaeth Bahena ("Bahena") spoke to an individual at Mr. Chang's address. *Id.* Ms. Bahena states that she "spoke with an individual who indicated they [sic] were the person in charge[,] and they [sic] stated subject [Mr. Chang] moved. I spoke with a property manager/landlord who say [sic] [Mr. Chang is] not [a] resident. After/during [COVID] company/person on service documents left." *Id.* at 2-3; *Ex. 3* [#18-3] at 1. Following this second failed service attempt, Plaintiff's attorney initiated an investigation to discover relevant information on where Defendant Caddytek may be served. *Motion* [#18] at 3.

On September 14, 2021, Plaintiff filed a motion in Arapahoe County District Court for additional time to serve Defendant Caddytek, and the motion was granted on September 15, 2021. *Id.* Defendant Costco filed a Notice of Removal [#1] to the United States District Court for the District of Colorado on October 8, 2021. Plaintiff attempted to serve Defendant Caddytek a third time at the same Monterey Park address on December 7, 2021, and the process server was again unsuccessful. *Id.*

In the present Motion [#18], Plaintiff seeks leave to serve Defendant Caddytek through substituted service on Ms. Hsia, whom Plaintiff believes to be married to Defendant Caddytek's owner Mr. Chang, or through email. *Id.* at 4. Plaintiff asserts that granting such leave is appropriate, because "due diligence has been used to attempt

personal service on Defendant" Caddytek and "further efforts to obtain personal service would be to no avail." *Id.*

## II. Legal Standard

Fed. R. Civ. P. 4(h) governs service of a corporation. The rule states that a corporation may be served by "delivering a copy of the summons and of the complaint to an officer or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B).

Alternatively, Fed. R. Civ. P. 4(h)(1)(A) provides that a corporation may be served according to Fed. R. Civ. P. 4(e)(1), the rule for service of an individual. Fed. R. Civ. P. 4(e)(1) provides that an individual "may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."

Colo. R. Civ. P. 4(e) governs personal service under Colorado state law. In relevant part, Colo. R. Civ. P. 4(e) states:

Personal service shall be as follows:

(1)   Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by delivering a copy to a person authorized by appointment or by law to receive service of process. . . .

(4)   Upon any form of corporation, partnership, association, cooperative, limited liability company, limited partnership association, trust, organization, or other form of entity that is recognized under the laws of this state or of any other jurisdiction, (including any such organization, association or entity serving as an agent for service of process for itself or for another entity) by

> delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or of any other jurisdiction, or that agent's secretary or assistant, or one of the following: . . .

The rule then lists several professional roles within or related to a corporation who are acceptable receivers of service. Colo. R. Civ. P. 4(e)(4)(A)–(G).

"In the event that a party attempting service of process by personal service under [Colo. R. Civ. P. 4](e) is unable to accomplish service," Colo. R. Civ. P. 4(f) applies. In this instance:

> [T]he party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected. If the court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective, it shall:
>
> (1) authorize delivery to be made to the person deemed appropriate for service, and
>
> (2) order the process to be mailed to the address(es) of the party to be served by substituted service, as set forth in the motion, on or before the date of delivery. Service shall be complete on the date of delivery to the person deemed appropriate for service.

Colo. R. Civ. P. 4(f).

### III.  Analysis

Here, Plaintiff states "that due diligence has been used to attempt personal service on Defendant." *Motion* [#18] at 4. Additionally, Plaintiff states that, "due to the incorrect information reported on the California Secretary of State[']s website regarding

Defendant['s] current Registered Agent, and Plaintiff's multiple attempts to effectuate service on Defendant," he has shown good cause for the Court to allow Plaintiff to serve Defendant by alternative method. *Id.* at 5. The Court interprets this argument as implicitly asserting that future attempts at personal service "would be to no avail." *Id.*; Colo. R. Civ. P. 4(f) (requiring "that further attempts to obtain service under [Colo. R. Civ. P. 4](e) would be to no avail"). Plaintiff attempted service on "the registered agent [of Caddytek] for service as set forth in the most recently filed document in the records of the secretary of state of [California]" three times. Plaintiff asserts that Mr. Chang is the last known registered agent of Defendant Caddytek, and, following its inability to serve him, Plaintiff's attorney investigated to discover relevant information on where Defendant Caddytek may be served. *Motion* [#18] at 2-3.

Plaintiff has submitted a Motion [#18], supported by an affidavit of the person attempting service, which demonstrates the efforts made to obtain personal service and the reason personal service could not be obtained. *See id.*; *Ex. 3* [#18-3]. Further, Plaintiff "identif[ies] the person to whom the party wishes to deliver the process." *Motion* [#18] at 4-5; Colo. R. Civ. P. 4(f). "Following extensive research, Plaintiff has reason to believe the owner of Caddytek [Mr. Chang] is married to" Ms. Hsia. *Motion* [#18] at 4. However, Plaintiff has provided insufficient evidentiary support for this assertion. Plaintiff's Exhibit 7 [#18-7] consists of property records for 18099 S. 2 St., Fountain Valley, California 92707, where Ms. Hsia purportedly lives. This document, while not entirely clear, states that Mr. Chang sold the property to Ms. Hsia in 2001. *See* [#18-7] at 3-4. However, this document further shows that this sale was made in connection with an "Intrafamily Transfer and Dissolution," which suggests divorce. *Id.* at 3. Without more,

-6-

the Court cannot find that alternative service on Ms. Hsia is reasonably calculated to give actual notice to Defendant Caddytek, and therefore cannot conclude that it is appropriate. Colo. R. Civ. P. 4(f).

Plaintiff alternatively seeks substitute service on Defendant Caddytek through e-mail.  However, Plaintiff has not provided adequate legal authority supporting this request, and the Court is independently aware of none.  *See, e.g.*, *Am.'s Home Retention Servs. V. Castle, Stawiarski, LLC*, No. 12-cv-01385-WJM-MEH, 2012 WL 2675264, at *2 (D. Colo. July 6, 2012) ("Service by e-mail is not a proper form of service under Rule 4.").  If Plaintiff files a renewed motion to serve Defendant Caddytek by e-mail, Plaintiff must provide additional legal authority to support his request.

Accordingly, the Motion [#18] is **DENIED without prejudice**.

DATED: April 22, 2022

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge